UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 09-CR-20019 |
| ) | |
| **KIMOTHY OWENS,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

On March 4, 2009, Defendant, Kimothy D. Owens, was charged by indictment (#1) with: (1) knowingly possessing five grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (2) knowingly possessing a firearm, namely, a Heritage .22 caliber revolver, after having previously been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). On March 9, 2009, Attorney John C. Taylor was appointed to represent Defendant. On April 30, 2009, this court scheduled Defendant's jury trial to begin on June 15, 2009, at 9:00 a.m. Prior to trial, Defendant appeared in court with his appointed counsel on May 22, 2009, May 27, 2009, and May 29, 2009.

On June 15, 2009, the morning of Defendant's scheduled jury trial, Defendant made an oral motion for new counsel. Defendant stated that his attorney had not met with him, had not reviewed the discovery in the case, and refused to call witnesses Defendant wanted called. In response, Attorney Taylor reviewed his detailed notes and listed the dates he met with Defendant and the discovery which he reviewed with Defendant. Attorney Taylor also gave a detailed explanation as to why it would be prejudicial to Defendant to call the witnesses Defendant wanted to call. Attorney Taylor made clear that it would not be good trial strategy to call those witnesses on Defendant's

behalf.

After listening carefully to Defendant's reasons for desiring new counsel, and Attorney Taylor's detailed explanation regarding his representation of Defendant, this court denied Defendant's oral request for new counsel made on the morning of his scheduled trial. An explanation of this ruling follows.

If the defendant has been given an opportunity to explain to the court the reasons behind his request for substitute counsel, it is within the district court's discretion to grant or deny the motion. See United States v. Harris, 394 F.3d 543, 551 (7th Cir. 2005); United States v. Bjorkman, 270 F.3d 482, 500 (7th Cir. 2001). In the proper exercise of its discretion, the district court must insure that it is aware of the reasons behind the request (United States v. Cole, 988 F.2d 681, 683 (7th Cir. 1993)) and must give the defendant an opportunity to fully express each of his concerns regarding his trial counsel (United States v. Huston, 280 F.3d 1164, 1167 (7th Cir. 2002)). Accordingly, a court must hold a hearing and adequately inquire into the dispute between the defendant and his counsel. See United States v. Ryals, 512 F.3d 416, 419-20 (7th Cir. 2008).

In determining whether the district court abused its discretion in denying a request for new counsel, the Seventh Circuit considers: (1) the timeliness of the request; (2) the adequacy of the court's inquiry into the defendant's request; and (3) whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication and prevented an adequate defense. Huston, 280 F.3d at 1167; see also Ryals, 512 F.3d at 419 (the breakdown between lawyer and client must be "so great as to result in a total lack of communication, precluding an adequate defense"). A disagreement about trial strategy does not require substitution of counsel. United States v. Taylor, 128 F.3d 1105, 1110 (7th Cir. 1997).

An untimely request is suspect because such a request may be nothing more than a tactic "to manipulate or delay the trial." Huston, 280 F.3d at 1167.  Therefore, if the request comes at a late date, the district court may deny the motion in the exercise of its discretion. See Huston, 280 F.3d at 1167-69 (district court did not abuse its discretion when it denied a defendant's motion for new counsel made the morning of trial where the defendant's only concern was that his counsel had not completely examined the case file); see also United States v. Hall, 35 F.3d 310, 313-14 (7th Cir. 1994) (request for new counsel made 10 days prior to sentencing hearing "came very late in the game" and was properly denied).

In this case, Defendant did not raise any complaints about his appointed counsel until the morning of trial.  Defendant's request for new counsel, made at this late date, is decidedly suspect, especially considering that he has been represented by Attorney Taylor since March 9, 2009, more than three months ago, and has appeared in court with his counsel on several occasions since then. Allowing the last minute request would cause hardship to the Government, which has numerous witnesses scheduled to testify at trial.  At the hearing on Defendant's request for new counsel, Attorney Taylor credibly explained that he had met and talked with Defendant on many occasions and had reviewed discovery with Defendant.  This court therefore finds Defendant's statements that Attorney Taylor did not meet with him or review discovery completely unworthy of belief.  In addition, Attorney Taylor explained that he made decisions regarding trial strategy based upon his professional judgment gained from 29 years' experience representing criminal defendants.  This court therefore finds that Defendant's disagreements with his counsel regarding trial strategy do not warrant the appointment of new counsel the morning of trial.  It is not an abuse of discretion to deny a motion for new counsel where competent appointed counsel is prepared to go forward with the

trial as scheduled.  <u>Cole</u>, 988 F.2d at 684; <u>see also</u> <u>United States v. Solina</u>, 733 F.2d 1208, 1211 (7th Cir. 1984).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's oral motion for new counsel is DENIED.

(2) Jury selection and jury trial will proceed on June 15, 2009.

ENTERED this 15th day of June, 2009

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE